**22 MAG 3697**

Approved: _____

JONATHAN L. BODANSKY
Assistant United States Attorney

Before:   THE HONORABLE STEWART D. AARON
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - X
                                      :
UNITED STATES OF AMERICA              :        COMPLAINT
                                      :
   - v. -                             :        Violations of 18
                                      :        U.S.C. §§ 922(g),
RYAN LITTLE,                          :        924(c), and 1951
                                      :
                   Defendant.         :        COUNTY OF OFFENSE:
                                      :        NEW YORK
                                      :
- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        THOMAS NUZIO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department, and charges as follows:

### COUNT ONE
(Hobbs Act Robbery)

        1.    On or about April 20, 2022, in the Southern District of New York and elsewhere, RYAN LITTLE, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, LITTLE committed a gunpoint robbery of a restaurant in Manhattan, New York.

        (Title 18, United States Code, Section 1951.)

### COUNT TWO
(Firearms Use, Carrying, and Possession)

        2.    On or about April 20, 2022, in the Southern District of New York and elsewhere, RYAN LITTLE, the defendant,

1

during and in relation to a crime of violence for which he may
be prosecuted in a court of the United States, namely, the
robbery charged in Count One of this Complaint, knowingly did
use and carry a firearm, and, in furtherance of such crime, did
possess a firearm, which was brandished.

(Title 18, United States Code, Section 924(c)(1)(A)(i) and
(ii).)

COUNT THREE
(Felon in Possession)

3.    On or about April 20, 2022, in the Southern
District of New York and elsewhere, RYAN LITTLE, the defendant,
knowing he had previously been convicted in a court of a crime
punishable by imprisonment for a term exceeding one year,
knowingly did possess a firearm, to wit, a .40 caliber Ruger P94
pistol, and the firearm was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and
924(a)(2).)

The bases for my knowledge and for the foregoing
charges are, in part, as follows:

4.    I am a Detective with the New York City Police
Department (the "NYPD") and a Task Force Officer with the NYPD /
Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF")
Joint Robbery Task Force ("SPARTA").  This affidavit is based
upon my personal participation in the investigation of this
matter, my conversations with law enforcement agents and others,
my review of video surveillance footage, and my examination of
physical evidence, reports, and records.  Because this affidavit
is being submitted for the limited purpose of establishing
probable cause, it does not include all of the facts that I have
learned during the course of my investigation.  Where the
contents of documents and the actions, statements, and
conversations of others are reported herein, they are reported
in substance and in part, except where otherwise indicated.

5.    For the reasons set forth below, there is
probable cause to believe that RYAN LITTLE, the defendant,
committed a gunpoint robbery (the "Robbery") of a restaurant
(the "Restaurant") in Manhattan, New York, on or about April 20,
2022.

6.    Based on my conversations with an NYPD officer ("Officer-1") involved in the investigation of this matter and the arrest of RYAN LITTLE, the defendant, on or about April 20, 2022, and my review of reports prepared by Officer-1 concerning the same, I have learned the following:

a.    At approximately 10:30 p.m., on or about April 20, 2022, Officer-1 and other NYPD officers responded to the scene of a reported robbery at the Restaurant.

b.    Upon their arrival, Officer-1 spoke with an employee of the Restaurant ("Victim-1"), who reported that a male individual ("Suspect-1") had entered the Restaurant, brandished a silver firearm that was partially concealed beneath a newspaper, and removed approximately $1,500 from the Restaurant cash register. Victim-1 reported that Suspect-1 then left the Restaurant, and that Victim-1 followed Suspect-1 into a nearby park (the "Park").

c.    Victim-1 reported to Officer-1 and the other law enforcement officers that Suspect-1 was still hiding somewhere in the Park, and the officers proceeded to canvass the area.

d.    Shortly thereafter, law enforcement officers observed LITTLE emerging from bushes nearby and attempting to flee from the area. The officers chased LITTLE on foot and apprehended him moments later. At the time of his arrest, LITTLE had in his possession approximately $1,100 in cash.

e.    While LITTLE was apprehended and secured, Officer-1 searched the path along which LITTLE had fled and recovered from the ground a firearm (the "Firearm"). Based on my examination of the Firearm, I have determined that it is a loaded, silver .40 caliber Ruger P94 pistol.

f.    Following the arrest of LITTLE, a witness ("Victim-2") approached law enforcement and informed them that the person they had arrested, *i.e.*, LITTLE, had brandished a firearm at Victim-2 earlier that night. Specifically, Victim-2 reported the following:

i.    At approximately 10:30 p.m. that night, Victim-2 was sitting in his vehicle, parked between the Restaurant and the Park, when LITTLE abruptly entered the front passenger seat.

3

       ii.    LITTLE asked Victim-2 to drive him away from the location, stating, in sum and substance, "take me, somebody is trying to kill me."

       iii.    After Victim-2 refused to drive LITTLE, LITTLE brandished a silver firearm.  Victim-2 fled from the vehicle and attempted to locate law enforcement, while LITTLE moved to the driver's seat of the vehicle.  Victim-2, however, was able to remotely disable the vehicle using his key fob, at which point LITTLE fled toward the Park.

      7.    Based on my review of video surveillance footage (the "Surveillance Footage") recovered by law enforcement from inside the Restaurant, I have learned the following:

      a.    The Surveillance Footage corroborates Victim-1's account of the Robbery, as described above.

      b.    During the Robbery, Suspect-1 is seen wearing a blue hooded sweatshirt with a logo in the upper-left corner, a gray backpack, a black mask, and a dark, brimmed hat.

      c.    Still images from the Surveillance Footage, showing Suspect-1 wearing these items while committing the Robbery, are below.









8.    Based on my conversations with an NYPD detective
("Detective-1") involved in the investigation of this matter, I
have learned that approximately two hours after the Robbery,
Detective-1 canvassed the area of the Park immediately
surrounding where RYAN LITTLE, the defendant, was arrested.
During that canvass, Detective-1 recovered, among other things,
a backpack and multiple items of clothing, photographs of which
are provided below:









9.    Based on my examination of the items recovered by Detective-1, and my review of the Surveillance Footage, I have learned that the items recovered by Detective-1 match the appearance of the items worn by Suspect-1 during the Robbery.

10.    Based on the foregoing, I respectfully submit that there is probable cause to believe that RYAN LITTLE, the defendant, is Suspect-1; that LITTLE committed the Robbery; and that LITTLE possessed and brandished the Firearm during and in relation to the Robbery.

11.    Based on my review of criminal history records for RYAN LITTLE, the defendant, I have learned that LITTLE is a convicted felon.  Among other convictions, on or about October 15, 2007, LITTLE was convicted in Greensboro, North Carolina of second degree kidnapping, in violation of North Carolina General Statutes Section 14-39, and sentenced to 46 to 65 months' imprisonment.

12.    Based on my conversations with a Special Agent from ATF who is familiar with the manufacturing of firearms and ammunition, and who reviewed photographs of the Firearm, I have learned that the Firearm was not manufactured in New York State.

WHEREFORE, I respectfully request that RYAN LITTLE, the defendant, be imprisoned or bailed, as the case may be.

_____
THOMAS NUZIO
Detective/Task Force Officer
NYPD/ATF Joint Robbery Task Force

Sworn to me ~~through the transmission of this Complaint by reliable electronic means,~~ this 2 2 day of April, 2022.

_____
THE HONORABLE STEWART D. AARON
United States Magistrate Judge
Southern District of New York

9